IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SBJ IP HOLDINGS 1, LLC, § § § Plaintiff, § § v. § § (1) BLOCKBUSTER INC., § (2) SEARS BRANDS, LLC, § (3) SEARS HOLDINGS CORPORATION, § (4) OVERSTOCK.COM, INC., § (5) BUY.COM INC., § (6) BARNES & NOBLE, INC., § (7) NORDSTROM, INC., and § (8) TOYS "R" US, INC., § § Defendants. § | Civil Action No.2:09-CV-29 JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW SBJ IP Holdings 1, LLC, and files this its Original Complaint for patent infringement against Blockbuster Inc., Sears Brands, LLC, Sears Holdings Corporation, Overstock.com, Inc., Buy.com Inc., Barnes & Noble, Inc., Nordstrom, Inc., Toys "R" Us, Inc. (collectively "Defendants"), and would show the Court as follows:

**I.
PARTIES**

1.   Plaintiff SBJ IP Holdings 1, LLC ("SBJ") is a Texas limited liability company with its principal place of business at 3701 Turtle Creek Blvd., Suite 126, Dallas, TX 75219.

2.   Upon information and belief, Defendant Blockbuster Inc. ("Blockbuster") is a Delaware corporation with its principal place of business at 1201 Elm Street, Dallas, TX 75270.

1

3.      Upon information and belief, Defendant Sears Brands, LLC ("Sears Brands") is an Illinois limited liability company with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179.

4.      Upon information and belief, Defendant Sears Holdings Corporation ("Sears Holdings") is a Delaware corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, IL 60179.

5.      Upon information and belief, Defendant Overstock.com, Inc. ("Overstock") is a Delaware corporation with its principal place of business at 6350 South 3000 East, Salt Lake City, UT 84121.

6.      Upon information and belief, Defendant Buy.com, Inc. ("Buy.com") is a Delaware corporation with its principal place of business at 85 Enterprise Suite 100, Aliso Viejo, CA 92656.

7.      Upon information and belief, Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, NY 10011.

8.      Upon information and belief, Defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business at 1617 Sixth Avenue, Suite 500, Seattle, WA 98101.

9.      Upon information and belief, Defendant Toys "R" Us, Inc. ("Toys "R" Us") is a Delaware corporation with its principal place of business at One Geoffrey Way, Wayne, New Jersey 07470.

## II.
## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the Patent and Trademark Act, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over the Defendants. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including (a) at least a portion of the infringements alleged herein; and (b) regularly doing or soliciting business and/or deriving revenue from goods and/or services provided to individuals in Texas and in this judicial district.

12. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

## III.
## THE SBJ PATENT

13. On December 11, 2001, United States Patent No. 6,330,592 B1 (the "'592 Patent"), entitled "Method, Memory, Product, and Code for Displaying Pre-Customized Content Associated with Visitor Data" was duly and legally issued by the United States Patent and Trademark Office (the "USPTO") to Michael K. Makuch and Neil Webber who assigned their rights in the '592 Patent to Vignette Corporation ("Vignette"). On January 18, 2007, SBJ acquired the '592 Patent from Vignette. SBJ is the owner of the entire right, title and interest in and to the '592 Patent. A true and correct copy of the '592 Patent is attached hereto as Exhibit A.

## IV.
## FIRST CLAIM FOR RELIEF

### (PATENT INFRINGEMENT OF THE '592 PATENT)
### (35 U.S.C. § 271)

14.     SBJ incorporates the allegations set forth above in paragraphs 1 through 13.

15.     Upon information and belief, Defendant Blockbuster has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.blockbuster.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.blockbuster.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Blockbuster is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

16.     Upon information and belief, Defendant Sears Brands has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.sears.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.sears.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Sears Brands is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

17.     Upon information and belief, Defendant Sears Holdings has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or

systems utilized by various websites (including, but not limited to, http://www.sears.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.sears.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Sears Holdings is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

18.     Upon information and belief, Defendant Overstock has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.overstock.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.overstock.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Overstock is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

19.     Upon information and belief, Defendant Buy.com has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.buy.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.buy.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Buy.com is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

20.     Upon information and belief, Defendant Barnes & Noble has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States

by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.barnesandnoble.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.barnesandnoble.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Barnes & Noble is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

21.     Upon information and belief, Defendant Nordstrom has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.nordstrom.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.nordstrom.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Nordstrom is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

22.     Upon information and belief, Defendant Toys "R" Us has been and now is directly infringing in the United States, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale and/or importing methods and/or systems utilized by various websites (including, but not limited to, http://www.toysrus.com) that provide pre-customized displays, including the recommendations capability provided by the various websites (including, but not limited to, http://www.toysrus.com), in a manner covered by one or more claims of the '592 Patent, all to the injury of Plaintiff.  Defendant Toys "R" Us is thus liable for infringement of the '592 Patent pursuant to 35 U.S.C. § 271.

23. As a consequence of Defendants' infringement of the '592 Patent, SBJ has suffered monetary damages in an amount not yet determined, and SBJ will continue to suffer harm (including irreparable harm) in the future unless and until Defendants' infringing activities are enjoined by this Court.

24. If facts learned in discovery show that Defendants' infringement of the '592 Patent is or has been willful, Plaintiff reserves the right to request such a finding at the time of trial.

WHEREFORE, SBJ prays for judgment as set forth below.

## V.
## PRAYER FOR RELIEF

1. That Defendants be declared to have infringed the claims of the '592 Patent as alleged above;

2. that Defendants and their respective officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with Defendants or acting on their behalf, be immediately, preliminarily and permanently enjoined and restrained from infringement of the '592 Patent;

3. that Defendants be ordered to account for and pay to SBJ all damages caused to SBJ by reason of each of their infringement of the '592 Patent pursuant to 35 U.S.C. § 284, including trebled damages;

4. that SBJ be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '592 Patent;

5. that this be declared an "exceptional case" pursuant to 35 U.S.C. § 285 and that Defendants be ordered to pay SBJ's attorney fees and costs; and

6. that the Court grant such other and further relief as the Court deems just and proper under the circumstances.

## VI.
## DEMAND FOR JURY TRIAL

SBJ demands trial by jury for all claims for relief herein pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: January 22, 2009

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P. O. Box 2649
Longview, Texas  75606
(903) 757-8449
(903) 758-7397 Facsimile
ema@emafirm.com

Steven Sprinkle
Texas State Bar No. 00794962
Elizabeth J. Brown Fore
Texas State Bar No. 24001795
Ari Akmal
Texas State Bar No. 24031581
Kimberly Buser
Texas State Bar No. 24027494
SPRINKLE IP LAW GROUP, P.C.
1301 W. 25th Street, Suite 408
Austin, Texas 78705
(512) 637-9220
(512) 371-9088 - facsimile
E-mail: ssprinkle@sprinklelaw.com
E-mail: ebrownfore@sprinklelaw.com
E-mail: aakmal@sprinklelaw.com
E-mail: kbuser@sprinklelaw.com

        Michael Kaeske
        Texas State Bar No. 00794061
        Eric Manchin
        Texas State Bar No. 24013094
        KAESKE LAW FIRM
        1301 W. 25th Street, Suite 406
        Austin, Texas 78705
        (512) 366-7300
        (512) 366-7767 - facsimile
        E-mail: mkaeske@kaeskelaw.com
        E-mail: emanchin@kaeskelaw.com

        ***Attorneys for SBJ IP Holdings 1, LLC***